# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LINO MURILLO,                                    Case No. 2:16-cv-02739-RFB-CWH

    Plaintiff,

  v.

BRENDAN MICHAEL GOAD, et al.,                    **ORDER**

    Defendants.

Presently before the Court is Plaintiff's motion to compel (ECF No. 17), filed on June 28, 2017. Defendants filed a response (ECF No. 19) on July 12, 2017, and Plaintiff filed a reply (ECF No. 22) on July 19, 2017. Plaintiff seeks enforcement of its subpoena duces tecum of non-party Sedgwick Claims Management Services, Inc., which seeks production of documents relating to Sedgwick's analysis of an accident involving Plaintiff and Defendants. Plaintiff argues that it is entitled to the requested documents since they were generated in the normal course of business on behalf of Defendants. Defendants argue, *inter alia*, that the motion was filed in the incorrect district. Plaintiff replies that since counsel for Defendants represented Sedgwick in regard to this motion, and produced documents responsive to the subpoena in this district, and that the litigation is proceeding in this district, that this motion should also be heard here.

Federal Rule of Civil Procedure 45 provides that the party that serves a subpoena "may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). A motion to compel enforcement of a subpoena that is properly brought where compliance is required may be transferred to the district which issued the subpoena, but the burden is on the party seeking transfer to show exceptional circumstances. *See* Fed. R. Civ. P. 45(f); *Music Grp. Macao Commercial Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 984 (N.D. Cal. 2015). However, "when a motion [under Rule 45] is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion." *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-CV-0708-RFB-NJK, 2014 WL 4079555, at *3 (D. Nev. Aug.

15, 2014).

Plaintiff's subpoena (ECF No. 17-2) was issued by this court, and seeks compliance at 236 Adams Ave., Memphis, Tennessee. Rule 45 therefore requires that any motion to enforce this subpoena must be brought in the District Court for the Western District of Tennessee. Plaintiff argues that Defendant and Sedgewick have waived the right to have the motion heard in Tennessee. However, Plaintiff provides no authority to suggest that the provision of Rule 45 requiring that a motion to compel be brought where compliance is required can be waived. Rule 45(f) sets forth a specific procedure which allows for transfer of a motion to an issuing court, but only under specific circumstances which Plaintiff has not as yet pursued. No other alternatives are provided under Rule 45 for an issuing court to entertain a motion to compel production of a subpoena which seeks compliance in another district. Absent a transfer under Rule 45(f) from the district where compliance is required, this Court has no jurisdiction to enforce the subpoena.

IT IS THEREFORE ORDERED that Plaintiff's motion to compel (ECF No. 17) is DENIED without prejudice to its reassertion in the proper district.

DATED: October 13, 2017

_____
C.W. Hoffman, Jr.
United States Magistrate Judge