UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LINO MURILLO, | Case No. 2:16-cv-02739-RFB-CWH |
| Plaintiff, | ORDER |
| v. | |
| BRENDAN MICHAEL GOAD; CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive, | |
| Defendants. | |

## I.    INTRODUCTION

Before the Court comes Defendant Corporation of the Presiding Bishop of the Church of Latter-day Saints ("CPB")'s Motion for Summary Judgment (ECF No. 25), CPB's Motion for Judgment on the Pleadings or in the Alternative Motion for Summary Judgment (ECF No. 26)[1], and Plaintiff Lino Murillo ("Murillo")'s Motion for Summary Judgment (ECF No. 33). As stated on the record at this Court's December 8, 2017 hearing, this Order is limited to the issue of whether CPB may be held vicariously liable for Defendant Brendan Goad ("Goad")'s actions on January 1, 2016. For the reasons stated below, the Court finds there is a genuine dispute as to the underlying facts that may establish vicarious liability, and therefore CPB's Motion for Judgment on the Pleadings or alternative Motion for Summary Judgment, and Murillo's Motion for Summary

---

[1] This Motion was docketed as a Motion to Dismiss. In his Response, Murillo notes that the Notice of Electronic filing listed September 12, 2107 as the due date for a Response as CPB selected the "event" for the Motion to be a Motion to Dismiss. Murillo reserved the right to respond to the alternative Motion for Summary Judgment raised in the filing. (ECF No. 35 at 2). CPB concurred with the right to oppose the alternative request for Summary Judgment and reserved the right to file a Reply to Plaintiff's Response to the alternative Motion (ECF No. 37 at 1).

Judgment, are denied as to this theory.

## II.  BACKGROUND

The parties are familiar with the procedural background in the case. The Court adopts its findings of undisputed and disputed facts as stated on the record during the December 8, 2017 hearing.

## III.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides: "Motion for Judgment on the Pleadings. After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." This Circuit has held that "a Rule 12(c) motion is 'functionally identical' to a Rule 12(b)(6) motion . . . . A judgment on the pleadings is properly granted when, 'taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law.'" Gregg v. Dep't of Pub. Safety, 870 F.3d 883, 887 (9th Cir. 2017) (citations omitted). In reviewing a grant of a Rule 12(c) motion, the Ninth Circuit "inquires whether the complaint at issue contains 'sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face.'" Harris v. Cty. of Orange, 682 F.3d 1126, 1131 (9th Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "The Court may find a claim plausible when a plaintiff pleads sufficient facts to allow the Court to draw a reasonable inference of misconduct, but the Court is not required 'to accept as true a legal conclusion couched as a factual allegation.'" Id. (citing Iqbal, 556 U.S. at 678).

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show

that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007) (alteration in original) (quotation marks omitted).

Vicarious liability, or liability based on the doctrine of respondeat superior, is a two-part analysis. "Respondeat superior liability attaches only when the employee is under the control of the employer and when the act is within the scope of employment. . . . Therefore, an actionable claim on a theory of respondeat superior requires proof that (1) the actor at issue was an employee, and (2) the action complained of occurred within the scope of the actor's employment." <u>Rockwell v. Sun Harbor Budget Suites</u>, 925 P.2d 1175, 1179 (Nev. 1996) (quoting <u>Molino v. Asher</u>, 618 P.2d 878, 879 (Nev. 1980)) (quotation marks omitted). The jury determines whether an employee acted within the scope of her employment when she committed the wrongful act. <u>See</u> <u>Nat'l Convenience Stores v. Fantauzzi</u>, 584 P.2d 689, 692 (Nev. 1978) ("Whether an employee was engaged in the scope of employment when the tortious act occurred raises an issue of fact which is within the province of a jury.").

## IV.    DISCUSSION

There are, at least, two issues relevant to the determination of vicarious liability: 1) whether Goad was acting within the scope of his employment or mission at the time of the accident, and, relatedly, 2) the degree of control CPB exercised over Goad as he fulfilled his missionary duties, even on so-called leisure days such as January 1, 2016.  The Court finds that there are disputed facts as to each of these issues.  The CPB provides rules and guidance as to how missionaries are to behave even on leisure days.  Goad was operating a church vehicle pursuant to a CPB agreement about his driving at the time of the accident in this case.  Goad, however, was operating the vehicle on a leisure day.  There are also genuine disputes of material fact as to whether Goad exercised independent choice in his recreational pursuits, or whether CPB's guidance on how to engage in recreational activities constitutes "control" for the purposes of vicarious liability. In light of these disputes and the need to further develop the factual record, the Court finds that summary judgment

is unwarranted for either party. See Yellow Cab of Reno v. Second Judicial Dist. Ct. of Nev., 262 P.3d 699, 704 (Nev. 2011) (noting that the determination of the scope of employment or control of employee is generally a question of fact for the jury).

The Court incorporates its discussion and findings on the remaining issues from the December 8, 2017 hearing record.

## V.    CONCLUSION

IT IS ORDERED that CPB's Motion for Summary Judgment (ECF No. 25) is DENIED.

IT IS FURTHER ORDERED that CPB's Motion for Judgment on the Pleadings (ECF No. 26) is GRANTED IN PART and DENIED IN PART as found on the record at the December 8, 2017 hearing. The alternative Motion for Summary Judgment is DENIED. Murillo's arguments in support of vicarious liability may proceed and are incorporated into the remaining causes of action.

IT IS FURTHER ORDERED that Murillo's Motion for Summary Judgment (ECF No. 33) is DENIED.


DATED December 12, 2017.


_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**